UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARASH SHAHRIARI,

    *Plaintiff*,

v.

DONALD J. TRUMP,

    *Defendant*.

Civil Action No. 24-03460 (AHA)

## Memorandum Opinion

Arash Shahriari, proceeding pro se, filed this action seeking "an order declaring Donald J. Trump disqualified as holder of the Office of Presidency under the U.S. Const. amend. XIV, Section § 3, as well as 18 U.S.C. § 2383, and enjoining the preclusion/eviction of Defendant Donald J. Trump from holding the office of presidency of the United States of America." ECF No. 1 at 3.

"Article III of the Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks and citation omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

Plaintiff does not allege any concrete and particularized injury in fact; he asserts simply that he is a "registered voter" and an "eligible elector." ECF No. 1 ¶ 37. "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992). Because Plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over his claims. *See, e.g.*, *Smith v. U.S. Dist. Ct.*, No. 24-cv-03473, 2025 WL 688978, at *2 (D.D.C. Feb. 25, 2025); *Page v. Evans*, No. 24-cv-670, 2024 WL 3534752, at *3 (D.D.C. July 25, 2024).

Accordingly, Defendant's motion to dismiss is granted and this action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   June 30, 2025